**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William B. Lane, et al., | No. CV-24-02798-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Rocket Mortgage LLC, et al., | |
| Defendants. | |

Before the Court is Defendant Rocket Mortgage LLC's Motion to Dismiss (Doc. 23), pro se Plaintiffs William and Misty Lane's Response (Doc. 27) and Memorandum in Support of their Response (Doc. 28), Defendant's Reply (Doc. 29), and Plaintiffs' Sur-reply (Doc. 30). Also before the Court is Defendant's Motion to Strike Plaintiffs' Sur-reply (Doc. 31) and Plaintiffs' Response (Doc. 32). The Court now rules as follows.

**I.    BACKGROUND**

This case relates to a loan refinance agreement Plaintiffs obtained from Defendant Rocket Mortgage LLC ("Defendant Rocket Mortgage"). (*See* Doc. 1). Plaintiffs initially filed this suit in Maricopa County Superior Court on August 14, 2024 against various parties, and Defendants Rocket Mortgage LLC, Amrock Title Insurance Company, and RKT Holding LLC removed the case to federal court on October 1, 2024. (*Id.*). These Defendants subsequently filed a Motion for More Definite Statement (Doc. 6), which this Court granted on January 15, 2025, directing Plaintiffs to file a First Amended Complaint that complied with the Federal Rules of Civil Procedure and the Court's Local Rules. (Doc.

17). On February 13, 2025, Plaintiffs filed their First Amended Complaint ("FAC") which brought several claims against only Defendant Rocket Mortgage. (Doc. 18).

While an improvement on the initial Complaint, the First Amended Complaint is still largely unclear and piecemeals conclusory legal claims amongst factual assertions. (*See generally id.*). Thus, as further discussed below, it is difficult for this Court to determine what plausible factual allegations form the basis of this action and support an inference that Defendant is liable. Although Plaintiffs' FAC does not entirely clarify the factual background of this case, from the parties' briefing and various filings, the Court determines that Plaintiffs allege that the cash-out funds paid to Plaintiffs from their loan refinance were incorrect. (*See* Doc. 18 at 2; Doc. 23 at 2). Defendant allegedly sent Plaintiffs closing documents reflecting a loan amount of $715,000 with $383,557.66 in cash to be paid to Plaintiffs at closing. (Doc. 28 at 36). Plaintiffs crossed out the $383,557.66 and instead wrote $1,257,776.73. (*Id.*; *see also* Doc. 18 at 2). Defendant apparently disbursed $383,557.66. (Doc. 18 at 2). Plaintiffs allege that Rocket Mortgage was required to honor and pay Plaintiffs the amount that Plaintiffs unilaterally altered on the refinance agreement's closing documents. (Doc. 18 at 2). Additionally, Plaintiffs assert that Defendant failed to provide certain information relating to the agreement upon request. (*Id.* at 3).

In failing to honor the unilaterally altered terms and provide the requested information, Plaintiffs' First Amended Complaint alleges that Defendant Rocket Mortgage violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607. (*Id.* at 2). Additionally, Plaintiffs argue that Defendant violated RESPA by unilaterally requiring Plaintiffs use a specific title company for the loan transaction. (*Id.*). Plaintiffs also assert that Defendant has violated various federal banking and consumer protection laws, including the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (*Id.* at 4–5). Lastly, Plaintiffs allege that Defendant is liable for common law fraudulent misrepresentation and breach of contract. (*Id.* at 5). Plaintiffs seek declaratory relief; injunctive relief preventing any

foreclosure actions and requiring Defendant to provide "full disclosure of the collateral deposit account and Federal Reserve filings related to Plaintiffs' contract"; quiet title of their home free of all liens and encumbrances; and monetary damages. (*Id.* at 6).

On March 23, 2025, Defendant filed the present Motion to Dismiss (Doc. 23), which the parties fully briefed (Docs. 27, 28, 29). Plaintiffs subsequently filed an unauthorized Sur-Reply. (Doc. 30). Defendant filed a Motion to Strike the Sur-Reply (Doc. 31), to which Plaintiffs filed a Response in Opposition (Doc. 32).

## II.   LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Sec. Lit.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). When considering a pro se plaintiff's filing, the Court must abide by the maxim that "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III. DISCUSSION

#### a. Plaintiffs' Sur-Reply (Doc. 30), Defendant's Motion to Strike (Doc. 31), and Plaintiff's Response (Doc. 32)

As a threshold matter, the Court will grant Defendant's Motion to Strike Plaintiffs' Sur-reply. (Doc. 31). Sur-replies and sur-responses are not authorized by Federal Rule of Civil Procedure 7, any other Federal Rule of Civil Procedure, or the District of Arizona's Local Rules, absent prior leave of court. *See Millenium 3 Technologies v. ARINC, Inc.*, 2008 WL 4737887, at 2 (D. Ariz. Oct. 29, 2008) (regarding surreplies); *Padilla v. Bechtel Const. Co.*, 2007 WL 625927, at 1 (D. Ariz. Feb. 27, 2007) (regarding surresponses); *see also Fitzhugh v. Miller*, No. CV-19-04632-PHX-DWL, 2020 WL 1640495, at *9 (D. Ariz. Apr. 2, 2020) (noting "sur-replies are highly disfavored and permitted only in extraordinary circumstances" and "discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists" (alteration omitted) (citations and quotation marks omitted)).

Here, Plaintiffs did not seek leave to file any sur-reply. Nor does the Court find that a valid reason for additional briefing exists. As further discussed below, Plaintiffs' FAC contains numerous deficiencies warranting dismissal with leave to amend and cannot be saved or clarified with additional briefing. Accordingly, the Court will grant Defendant's Motion to Strike (Doc. 31) and direct the Clerk of Court to strike Plaintiffs' sur-reply (Doc. 30).

#### b. Evidence Outside the Pleading

Another threshold issue is whether Plaintiffs can introduce extrinsic evidence in their Memorandum in Support of their Response at the Motion to Dismiss Stage. Specifically, Plaintiffs seek to introduce Exhibits A through D, which include

communications between Plaintiffs and Defendant, a Residential 1-4 Deed of Trust document, and the closing disclosure document at issue in this case. (*See* Doc. 27 at 6–35).

Generally, a district court may not consider extrinsic evidence in determining the legal sufficiency of a complaint's allegations under a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "[I]f a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Here, because the facts of the case are undeveloped at this stage, the Court declines to convert the Motion to Dismiss into a Motion for Summary Judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d) ("If on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56").

A court may consider outside evidence without converting the motion to a summary judgment motion under two circumstances. One, a court may take judicial notice of matters of public record in considering a 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Two, a court may consider evidence on which the complaint necessarily relies if its authenticity is uncontested under the incorporation by reference doctrine. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).

The Court finds that Exhibits A and C were not clearly identified and referenced in the FAC and thus are inappropriate for consideration at this stage. Exhibit B is a matter of public record, and thus the Court may take judicial notice of it. Likewise, the Court may consider Exhibit D—the closing document of the loan agreement—pursuant to the incorporation by reference doctrine, as it is referenced in the FAC and is central to Plaintiffs' claims. However, while it is not inappropriate for the Court to consider Exhibits B and C, the Court finds their contents are unnecessary to the consideration of Plaintiffs' claims at this time, as their supplementation does not remedy the deficiencies of Plaintiffs' FAC identified below.

///

### c. RESPA

Plaintiffs assert that they "explicitly requested to use a title company of their choice for their contract transaction"; that "Defendant unilaterally required that Plaintiffs use Amrock Title, a subsidiary of Rocket Companies, who also owns Rocket Mortgage"; and that "Plaintiff were not given a choice and were forced to sign contract documents with Amrock Title[.]" (Doc. 18 at 2).

While Plaintiffs state Defendant's title company requirement is "in direct violation of . . . 12 U.S.C. § 2607," the Court presumes that, with respect to the title company requirement, Plaintiffs are alleging a violation of 12 U.S.C. § 2608(a). See *Erickson v. Pardus*, 551 U.S. at 94 (finding that a pro se plaintiff's claims must be "liberally construed"). Under this section, "[n]o seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company." 12 U.S.C. § 2608(a). Additionally, "[i]n order to avoid dismissal of a RESPA claim, the plaintiff must plead specific facts showing that he suffered 'pecuniary damages.'" *Rubio v. U.S. Bank N.A.*, C 13-05752 LB, 2014 WL 2602330, at *10 (N.D. Cal. June 10, 2014). Here, Plaintiffs have not raised a claim against the *seller* of the property nor alleged facts demonstrating that they suffered pecuniary damages as a result of the alleged RESPA violation. *See Dumesnil v. Bank of Am., N.A.*, CV 10-0243-PHX-NVW, 2010 WL 1408889, at *6 (D. Ariz. Apr. 7, 2010) (dismissing § 2608(a) claim because it was not brought against the seller of the property). Accordingly, any claim Plaintiffs seek to raise under § 2608(a) must be dismissed.

Plaintiffs also allege that Defendant violated RESPA "by failing to provide accurate contract servicing disclosures." (Doc. 18 at 4). Plaintiffs' FAC does not identify the particular provision requiring disclosures which Defendant allegedly violated. However, their Memorandum in Support of their Response indicates that they allege a violation of 12 U.S.C. § 2605. (Doc. 28 at 3). Section 2605 requires "[e]ach person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of

application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding" and to provide notice if the loan is assigned, sold, or transferred. 12 U.S.C. § 2605(a), (c). Additionally, § 2605(e) imposes certain duties on loan services to respond to borrower inquiries relating to the servicing on loans. The Ninth Circuit has explained that inquiries relating to the servicing of the loan pertains to information about "scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making payments of principal and interest and such other payments." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012). It does not include information about "the transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or terms of a loan agreement." *Id*. at 666–67.

The Court finds that Plaintiffs fail to state a claim upon which relief may be granted for a violation of § 2605. The FAC does not allege that Defendant failed to disclose whether their loan may be assigned, sold, or transferred, nor that Plaintiffs submitted a qualified written request in compliance with § 2605(e)(1)(B), that the request pertained to the servicing of the loan as defined by the Ninth Circuit, and that Defendant failed to take action in accordance with § 2605(e)(2). Additionally, Plaintiffs failed to allege facts supporting their actual damages suffered as a result of Defendant's alleged failure to comply with RESPA. *See* 12 U.S.C. § 2605(f); *Obeng–Amponsah v. Chase Home Fin., LLC*, 624 Fed. Appx. 459, 461 (9th Cir. 2015) (affirming dismissal of RESPA claim where the plaintiff's "allegations do not connect the alleged failure to respond to his qualified written requests with any actual damages"). As such, Plaintiffs RESPA claim, as it refers to Defendant's alleged failure to make required disclosures, must be dismissed. However, because additional facts could remedy Plaintiffs' claim, the Court will permit Plaintiffs leave to file an amended complaint that identifies the specific statutory provision Defendant allegedly violated and proffers factual assertions supporting the inference that Plaintiff sought servicing information as to trigger Defendant's obligations under § 2605,

that Defendant did not fulfill those obligations, and that Plaintiffs suffered actual damages in result.

### d. TILA

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). "The purpose of TILA is 'to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him . . . .'" *Lynch v. RKS Mortg. Inc.*, 588 F. Supp. 2d 1254, 1257 (E.D. Cal. 2008) (citing 15 U.S.C. § 1601). "To state a claim alleging a TILA violation, a plaintiff must allege specific facts showing that either: (1) the plaintiff did not receive a required disclosure or (2) the plaintiff received disclosures that were not clear and conspicuous." *Ramos v. Funding Rush, Inc.*, 1:23-CV-01016-ADA-HBK, 2023 WL 4493590, at *4 (E.D. Cal. July 12, 2023). "Material terms of a consumer credit transaction include the following: (1) the annual percentage rate of interest; (2) the finance charge; (3) the amount financed; (4) the total number of payments; and (5) the total sale price, which is the sum of the case price of the property or services, any additional charges, and the finance charge." *Id.* (citing 15 U.S.C. § 1638(b); *Beach*, 523 U.S. at 412).

Plaintiffs allege that Defendant violated TILA "by failing to disclose material facts regarding the securitization of the contract and the existence of a cash collateral deposit." (Doc. 18 at 4). Facts about the securitization of the loan refinance contract and the existence of a cash collateral deposit are not material terms that a creditor is required to disclose under TILA. *See* 15 U.S.C. § 1638(b). Nor do they fall under the subsequent disclosure requirements TILA imposes for refinancing or certain mortgage transactions. *See* 12 C.F.R. § 226.20; 12 C.F.R. § 226.19. As such, Plaintiffs have not sufficiently alleged Defendant violated TILA, and their TILA claim must be dismissed.

### e. FDCPA

Plaintiffs allege that Defendant violated the FDCPA by "engag[ing] in deceptive

collection practices by falsely representing its authority to foreclose." (Doc. 18 at 5). A plaintiff must show four elements to bring a successful FDCPA claim: (1) the plaintiff qualifies as a consumer under the act; (2) the debt arises out of a transaction entered into for personal, family, or household purposes; (3) the defendant is a debt collector under the act; and (4) "the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a–1692o." *Wheeler v. Premiere Credit of N. Am., LLC,* 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015). Plaintiffs do not allege facts demonstrating that it meets the requisite elements. Indeed, this Court is skeptical that the FDCPA even applies to Defendant, who provided and assumed servicing responsibilities to Plaintiffs' loan prior to any default. *See* 15 U.S.C. § 1692a(6); *Obeng-Amponsah*, 624 Fed. Appx. at 462. Nor do Plaintiffs identify which of the provisions Defendant allegedly violated or set forth the factual basis that Defendant does not have a legal right to foreclose on Plaintiffs' property if they default on their mortgage loan payments. As noted above, a complaint must contain facts—not mere legal conclusions disguised as allegations—that give rise to a plausible inference that a plaintiff has stated a claim upon with relief may be granted. Plaintiffs' bare, one-sentence assertion that Defendant violated the FDCPA does not meet this standard. As such, the Court will dismiss Plaintiffs' FDCPA claim with leave to amend.

### f. Federal Statutes

Plaintiffs also assert that Defendant is liable under various provisions of the National Bank Act, 12 U.S.C. § 1 et seq., and regulations promulgated thereunder by the Office of the Comptroller of the Currency (OCC). These regulations apply to national banking associations, which Plaintiffs concede Defendant is not. (*See* Doc. 18 at 2). While some provisions of the National Bank Act are applicable to subsidiaries of national banks, Plaintiffs do not proffer that Defendant is a subsidiary of a national bank engaging "solely in activities the bank itself could undertake, and subject to the same terms and conditions as those applicable to the bank." *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 7 (2007). Thus, Plaintiffs allegations relating to 12 U.S.C. § 84, 12 U.S.C. § 3102, 12 C.F.R. § 225.28, and 12 C.F.R. § 211.4 fail to state a claim upon which relief may be granted. To

9

the extent that Plaintiffs assert they can bring a criminal cause of action under 18 U.S.C. § 1005 against Defendant pursuant to 12 U.S.C. § 503, the Court rejects this argument, as the National Bank Act is inapplicable to Defendant. (Doc. 18 at 1).

Plaintiffs' other attempts to rely on federal statutes and regulations also fall flat. For instance, Plaintiffs appear to allege that Defendant has violated 12 C.F.R. § 215, also known as "Regulation O." (*Id.* at 3). Regulation O provides regulations for the Board of Governors of the Federal Reserve System pertaining to "Loans to Executive Officers, Directors, and Principal Shareholders of Member Banks," and is inapplicable here.

The Court will dismiss Plaintiffs statutory claims with leave to amend. Should Plaintiffs file an amended complaint, they should identify how Defendant is liable under the National Bank Act, the exact provisions they are alleging violations under, and the basis for their private causes of action.

### g. Fraudulent Misrepresentation

To state a claim for common law fraud, a complaint must allege "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (noting "Rule 9(b)'s particularity requirement applies to state-law causes of action"). To meet this standard, a plaintiff must identify the "who, what, when, where, and how of the misconduct charged." *Id*. at 1106. In Arizona, a plaintiff must plead "(1) a representation; (2) its falsity; (3) its materiality;" the speaker's (4) knowledge of its falsity; (5) intent that it be acted upon as it was reasonably expected; the hearer's (6) ignorance of its falsity; (7) reliance on its truth; (8) right to rely on it; and (9) consequent and proximate injury. *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033–34 (Ariz. Ct. App. 2010).

Here, Plaintiffs merely assert that "Defendant misrepresented the nature of the contract, its securitization, and the collateral deposit account requirement" and that "Plaintiff has been injured and damaged due to these misrepresentations." (Doc. 18 at 5). Plaintiffs do not set forth facts explaining the exact alleged misrepresentations and how they were material and false; Defendant's knowledge of the falsity and intent that Plaintiff

act upon the falsity as reasonably expected; or Plaintiffs' ignorance of the falsity, reliance on the misrepresentations and the reasonableness of such reliance and suffered damages. Plaintiffs have not met the pleading requirements under Rule 9(b) nor adequately satisfied the nine elements of fraud under Arizona common law. Plaintiffs' claim for fraudulent misrepresentation therefore must be dismissed. The Court will grant Plaintiffs leave to amend.

### h. Breach of Contract

Plaintiffs assert that Defendant is liable for breach of contract due to its breach of fiduciary duties under 12 C.F.R. § 9.6(c). (Doc. 18 at 5). This section of the National Bank Act regulates "Fiduciary Activities of National Banks." 12 C.F.R. §§ 9.1–9.101. Under 12 C.F.R. § 9.6(c), "[a]t least once during every calendar year, a bank shall conduct a review of all assets of each fiduciary account for which the bank has investment discretion to evaluate whether they are appropriate, individually and collectively, for the account." 12 C.F.R. § 9.6(c). Section 9.2(d) defines "fiduciary account" as "an account administered by a national bank acting in a fiduciary capacity." 12 C.F.R. § 9.6(d).

As noted above, Plaintiffs' FAC concedes that Defendant is not a "national bank." (Doc. 18 at 2). As such, 12 C.F.R. § 9.6(c) does not apply to Defendant. To the extent Plaintiffs assert in their Response that Defendant may still be subject to this regulation as a non-bank affiliate or subsidiary under 12 C.F.R. § 225.28 (*see* Doc. 28 at 4), Plaintiffs fail to assert facts establishing that Defendant qualifies as a bank holding company or subsidiary subject to federal regulations.[1] Thus, Plaintiff fails to state a claim for breach of fiduciary duties under 12 C.F.R. § 9.6(c) or common law breach of contract.

Plaintiffs also "demand Defendant produce the original contract, including any modifications, servicing agreements, or assignments of the alleged mortgage, to prove its

---

[1] The Court also notes that 12 C.F.R. § 225.28 provides a list of activities that are "so closely related to banking or managing or controlling banks as to be a proper incident thereto, and may be engaged in by a bank holding company or its subsidiary in accordance with the requirements of this regulation." 12 C.F.R. § 225.28(a). It does not define what constitutes a bank holding company or subsidiary, reference mortgage lending companies or activities, nor indicate that non-national bank entities can be liable under 12 C.F.R. 9.6.

legal claim." (*Id.*). As Plaintiffs are the party raising a legal claim *against* Defendant and thus bear the burden of production and persuasion, it is unclear why Defendant would be required to provide a contract to prove a nonexistent legal claim. *See Avant-Garde, LLC v. Mountain Spa Properties, LLC*, CV-10-01499-PHX-NVW, 2011 WL 13120818, at *2 (D. Ariz. July 5, 2011) ("In Arizona, it is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages." (cleaned up)). Nor does a demand for Defendant to produce a contract constitute a breach of contract claim. Accordingly, Plaintiffs' breach of contract claim must be dismissed. Plaintiff will be granted leave to amend along with its other insufficient claims.

### i. Privacy Laws

Plaintiffs also briefly assert that Defendant violated privacy laws by mailing contract documents to Plaintiffs which were stolen off their front porch. (Doc. 18 at 3). Plaintiffs do not identify which privacy laws Defendant violated, or how Defendant would be liable for any breach of Plaintiffs' privacy considering the third-party conduct of the delivery person who left the documents on Plaintiffs' porch or the thief that stole them. The Court is unable to assess the plausibility of Plaintiffs' claim without more information. Plaintiffs therefore will be granted leave to amend. If Plaintiffs file an amended complaint, they must identify a recognized legal cause of action for the alleged breach of privacy and provide facts demonstrating that Defendant's conduct meets the requisite elements to establish liability.

### j. Declaratory Relief

Plaintiffs also "seek a judicial declaration that Defendant lacks legal standing to foreclose due to its failure to comply with international and federal banking laws as well as Arizona foreclosure statutes." (Doc. 18 at 5). Plaintiffs do not identify the state statutes, nor allege causes of action under any state statutes in their complaint. As noted above, Plaintiffs have not sufficiently alleged any cause of action related to Defendant's ability to foreclose upon Plaintiffs' home.

"[D]eclaratory judgments are remedies for underlying causes of actions. They are not causes of action in their own right—and therefore cannot be pleaded as such." *Cruz v. Cameron Fin. Group Inc.*, CV-23-01112-PHX-SMB, 2024 WL 326957, at *4 (D. Ariz. Jan. 29, 2024) (citing *RHN Inc. v. CNA Nat'l Warranty Corp.*, No. CV-19-02960-PHX-GMS, 2019 WL 4345332 (D. Ariz. Sept. 12, 2019)). "This principle has been confirmed repeatedly in case law." *Id.* Thus, to the extent Plaintiffs plead their request for declaratory relief as a cause of action, that claim is dismissed. Going forward, Plaintiffs may pursue this remedy as a proper form of relief for valid claims.

## IV.  CONCLUSION

All told, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A district court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

While Plaintiffs only need to allege enough facts to "plausibly give rise to an entitlement to relief," that has not occurred here. *Iqbal*, 556 U.S. at 679. On the whole, Plaintiffs' FAC asserts multiple legal conclusions couched as factual allegations and jumbles legal claims with its factual allegations. The Court had difficulty determining the background of the case, any basic facts underlying Plaintiffs' various claims, or what claims Plaintiffs are attempting to raise against Defendant. Moreover, as identified above in this Order, Plaintiffs seek to bring several causes of action that do not exist or are inapplicable to entities that are not national banking associations. Plaintiffs fail to assert a factual basis or legal authority explaining why these claims are applicable or do, in fact, form the basis of a valid cause of action. To that end, the Court is highly skeptical that Plaintiffs may bring any valid cause of action premised on Defendant's failure to pay Plaintiffs a disbursement that was nearly $1,000,000.00 greater than the agreed upon amount, simply because Plaintiffs unilaterally altered the provided disbursement number

by crossing it out and writing a higher number below. (Doc. 18 at 2); *see generally Coronado Co., Inc. v. Jacome's Dept. Store, Inc.*, 629 P.2d 553, 556 (Ariz. Ct. App. 1981) ("A party cannot unilaterally alter the terms of a contract without the assent of the other party.").

If Plaintiffs choose to file a Second Amended Complaint, the Court advises Plaintiffs to become familiar with the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). These general pleading requirements shall be set forth in separate and discrete numbered paragraphs that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As noted in this Court's January 15, 2025 Order granting Defendant's Motion for More Definite Statement (Doc. 17), Plaintiffs must set forth each discrete legal claim for relief in separate counts (i.e., count one, count two, etc.), rather than lumping legal claims in their factual background. Plaintiffs must meet these pleading standards in order to provide Defendant with fair notice of the claims asserted and to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

While pro se plaintiffs' claims must be held to less stringent standards, *see* 551 U.S. at 94, this Court previously advised Plaintiffs of the federal pleading requirements and federal and local rules, and it previously advised Plaintiffs that their failure to comply with this Court's instructions and the federal and local rules may warrant dismissal with prejudice. (Doc. 17 at 3). This Court will reiterate its warning: if Plaintiffs elect to file a First Amended Complaint but fail to comply with the instructions explained in this Order,

fail to prosecute this action, or otherwise fail to comply with the federal and local rules, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order). Accordingly,

**IT IS ORDERED** that Defendant Rocket Mortgage LLC's Motion to Dismiss (Doc. 23) is **granted**. Plaintiffs First Amended Complaint is dismissed in its entirety. Plaintiffs shall file a Second Amended Complaint no later than **September 5, 2025**, curing the deficiencies identified in this Order and complying with the Federal and Local Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendant Rocket Mortgage LLC's Motion to Strike Plaintiffs' Sur-reply (Doc. 31) is **granted**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to **strike** Plaintiff's Sur-Reply (Doc. 31).

Dated this 5th day of August, 2025.

Honorable Steven P. Logan
United States District Judge